IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION
Civil Action No. 1:09-cv-515-WWO-WD

| | |
|---|---|
| DIANE RUSSELL, | ) |
|                                     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ABSOLUTE COLLECTION SERVICE, | ) |
| INC., and CHARLTON CLARKSON | ) |
|                                    Defendants. | ) |
| _____ | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO MEMORANDUM OPINION AND RECOMMENDATION**

Plaintiff, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and the Clerk's Notice dated October 27, 2010, hereby respectfully submits this Memorandum in support of her objection to Magistrate Judge Wallace W. Dixon's October 27, 2010 Memorandum Opinion and Recommendation [Dkt. 43] ("Recommendation") regarding Plaintiff's Motion for Partial Summary Judgment. [Dkt. 17]. The Recommendation should be rejected because it fails to give effect to the portions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. pertaining to the instant case and denies Plaintiff's Motion for Partial Summary Judgment solely based on an inapplicable portion of the Act: "Validation of debts" (§ 1692g). The Recommendation misconstrues that the debt validation provisions of § 1692g somehow attach to the prohibitions of the relevant portions of the Act: "False or misleading representations" (§ 1692e), and

1

"Unfair practices" (§ 1692f), the sections under which Plaintiff has based her claim that Defendants violated the FDCPA by collecting on a debt that was not owed.

Additionally, the Recommendation should be rejected because the validation process of § 1692g(b) has no bearing on Plaintiff's undisputed claim that Defendants threatened to report inaccurate information (the nonpayment of the paid debt) to the credit reporting agencies in violation of § 1692e(8). A single violation of the FDCPA suffices to establish civil liability under the Act.[1] The FDCPA is a "comprehensive and reticulated statutory scheme, involving clear definitions, precise requirements, and particularized remedies … our obligation is to apply the statute as Congress wrote it …operating from the understanding that Congress says in a statute is what it means and means in a statute what it says." *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 233 (4th Cir. 2007) (reversing the district court's grant of summary judgment to the debt collector) (internal citations and quotations omitted).

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiff asks this Court to determine as a matter of law that a debt collector violates the FDCPA when attempting to collect a debt that is not owed, which Defendants unarguably did from January 5, 2009 until April 9, 2009, relenting only after the Better Business Bureau became involved.

---

[1] *See*, *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir. 1993).

Plaintiff respectfully challenges the Recommendation that concluded that Defendants have not violated sections of the FDCPA because Plaintiff did not dispute the account "in writing." The Recommendation focused on the requirements of §1692g(b), misapplying it to other sections of the FDCPA, primarily the protections afforded to consumers under §1692e. (Recommendation, pp. 7-9). This Court reviews that decision *de novo*. Fed. R. Civ. P. 72(b)(3). As discussed below, the dispositive issue, which the Recommendation did not address, is whether Defendants' actions have violated §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f(1).

The Recommendation inadvertently misstates Plaintiff's contention, and by way of extension, her claim under the FDCPA. Plaintiff's contention is not "based on the fact that Defendant continued collection efforts even after she informed them over the telephone that she had already paid her bill directly to SEP." (Recommendation, 9). Plaintiff's contention is: Defendants violated the FDCPA by attempting to collect on a paid account and threatening to report inaccurate credit information. The fact that Plaintiff informed Defendants that the account had been paid simply provides Defendants with direct knowledge under sections of the Act that have no scienter requirement at any rate, the Act being a strict liability, remedial statute.[2]

---

[2] The plain language of a few subsections of the FDCPA specifically requires intent (e.g., § 1692d(5) prohibits a debt collector from "[c]ausing a telephone to ring ... continuously with intent to annoy, abuse, or harass") (emphasis added). The federal courts have concluded that the omission of any such scienter requirement in the remaining and general provisions establishes that debt collectors are otherwise held

3

Case 1:09-cv-00515-WO-WWD   Document 49   Filed 11/02/10   Page 3 of 14

## STATEMENT OF FACTS

The material facts of this case are not in dispute, nor is there any fact for the jury to decide as to liability. The case at this juncture is purely a question of law. The sole issue remaining for the trier of fact is to determine what amount of damages to award, if any. Thus, summary judgment as to liability is appropriate.

As stated in her Brief in Support of her Motion for Partial Summary Judgment (Dkt. 18), Plaintiff paid the account in full to SEP in December of 2008, with the check clearing her bank account on January 5, 2009. Nonetheless, Defendants continued their collection efforts by making phone calls, sending letters and attempting to collect on a debt not owed for a period of several months thereafter. Defendants also threatened to report inaccurate information to the credit reporting agencies, only finally resolving the issue when the Better Business Bureau became involved in the dispute. Plaintiff has asked this Court to determine as a matter of law that Defendants violated the FDCPA, reserving the issue of damages for trial by jury.

---

strictly liable for their misconduct, such as the type of violations alleged here. *See, e.g. Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period"); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) ("Seeking somewhat to level the playing field between debtors and debt collectors, the FDCPA prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices. The FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional"); *Reichert v. Nat'l Credit Systems, Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008) ("The FDCPA makes debt collectors liable for violations that are not knowing or intentional"); (*Clark v. Capital Credit & Collection Serv.*, 460 F.3d 1162, 1177 (9th Cir. 2006) ("Requiring a violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c)); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (holding unintentional misrepresentation that debtor was obligated to pay a debt discharged in bankruptcy violated FDCPA); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996) (holding that sending contradictory notices violated FDCPA even though plaintiff did not offer proof of intent).

4

Case 1:09-cv-00515-WO-WWD   Document 49   Filed 11/02/10   Page 4 of 14

## QUESTIONS PRESENTED

I. Whether a consumer's failure to provide proof of payment absolves a debt collector from liability under the Act.

II. Whether § 1692g(b)'s written requirement bars subsequent claims for violations under the relevant portions of § 1692e and § 1692f of the Act where the consumer paid the account instead of requesting verification in writing.

III. Whether a debt collector who is given actual notice by the consumer that the debt has been paid and is no longer owed but who refuses to make inquiry or otherwise investigate and persists in its collection efforts may be liable for violating the FDCPA, including §§ 1692 e(2)(A), 1692e(10), and 1692f(1).

IV. Whether a debt collector who threatens to report a paid account as due and owing to a credit reporting agency may be liable for violating § 1692e(8).

## ARGUMENT

**I. Whether a consumer's failure to provide proof of payment absolves a debt collector from liability under the Act.**

The Defendants' ongoing contention, now accepted by the Recommendation, has been that Plaintiff's refusal to provide proof of payment absolves Defendants of liability under the Act. This is not correct. Congress has expressly provided only two methods to escape liability under the Act, the bona fide error provisions of § 1692k(c) and a debt collector's good faith reliance on an FTC Advisory Opinion pursuant to §1692k(e). The Act provides the bona fide error defense of § 1692k(c) as the "exclusive remedy." *Sayyed v. Wolpoff Abramson*, 485 F.3d 226, 235 (4th Cir. 2007). Under the statutory maxim

*expressio unius est exclusio alterius*, the defense permitted by the Recommendation does not exist and this Court should find none.

Courts have held that the behavior (or misbehavior) of a consumer is not relevant to the validity of a claim under the FDCPA.[3] As explained by the Seventh Circuit, the FDCPA "focuses primarily, if not exclusively, on the conduct of debt collectors, not consumers. Absent some textual directive in the FDCPA, we will not alter that focus, for our task is to interpret the words of Congress, not add to them" *Keele v. Wexler*, 149 F. 3d 589, 595 (7th Cir. 1998). The FDCPA expressly limits the defense for a debt collector to the provisions contained within § 1692k(c). This Court should give full deference to Congress, and should not judicially create "an exception that selectively gives a green light to the very abuses proscribed by the Act." *Id.* at 596.

The evidence that Plaintiff paid the account in full is undisputed. The FDCPA is a remedial statute focused on the actions and omissions of debt collectors, not consumers and it is to be liberally construed. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d at 1176 (9th Cir. 2006). Defendants have argued, and the Recommendation accepts, that Defendants sought proof of payment from Plaintiff as is, admittedly, their regular practice of debt collection. The Recommendation concludes that Plaintiff's refusal to provide such proof at the cost of her own time, money, and resources, when she has already paid the

---

[3] *See, Fed. Trade Comm'n v. Check Investors, Inc.*, 502 F. 3d 159, 170-71 (3d Cir. 2007) (rejecting a "fraud exception" to the FDCPA); *Keele v. Wexler*, 149 F. 3d 589, 595-96 (7th Cir. 1998); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S. C.*, 111 F. 3d 1322, 1329-1330 (7th Cir. 1997).

6

account in full, absolves them from FDCPA liability for its illegal collection activities. (Recommendation, 6).

To quote from the Fourth Circuit's dicta in *Sayyed*: "This argument may have some intuitive appeal, but the fact that an interpretation may seem appealing does not mean it is correct."[4] 485 F.3d at 233. At least one other court has rejected the "blame the consumer defense".[5] Congress has instructed the courts to take into consideration certain "relevant factors" in making a determination as to the amount of liability to be imposed against a debt collector, but not as to the liability itself. All of the enumerated factors pertain to the actions of the debt collector. § 1692k(b). None pertains to the conduct of the consumer.

Rather than excuse Defendants' illegal conduct by blaming the Plaintiff for not providing proof of payment as directed by the Defendants, Defendants sole method to avoid liability under the Act is the assertion and proof of a bona fide error. The statutory bone fide error defense provides:

> A debt collector may not be held liable in any action brought under this subsection if the collector shows by

---

[4] The *Sayyed* court considered whether the common law immunity of litigation privilege should provide a defense in an FDCPA action. The Fourth Circuit rejected the debt collector's theory, noting that Congress expressly created a defense to FDCPA under § 1692k(c), the bona fide error defense provision.

[5] Although in the context of violations of § 1692g, *Mejia v. Marauder Corp.,* No. C06-00520 HRL, (N.D. Cal. March 15, 2007) addressed the issue of the debt collector requiring proof of payment from the consumer. The court determined as a matter of law that the language in the debt collector's letter "does suggest to the least sophisticated debtor that a debt cannot be disputed without proof of payment. Such a message is, at the very least, confusing and inconsistent with a consumer's right to dispute the debt under FDCPA." The defendants in *Marauder* also attempted to create an additional defense under the FDCPA: unclean hands. The court correctly noted that "[t]he elements of, and the defenses to, a federal cause of action are defined by federal law.). Indeed, there is no fraud exception to the FDCPA, and [t]he FDCPA does not distinguish between debtors based on their intent. ('The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists.')"(Internal citations and quotations omitted).

7

> a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error. §1692k(c).

"The bona fide error is an affirmative defense for which the debt collector has the burden of proof." *Reichert v. National Credit Systems, Inc.* 531 F.3d 1002, 1005-6 (9th Cir. 2008) (citing *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). An error of law, such as the mistaken belief and applied procedure that requires the consumer to provide proof of payment, does not suffice to establish the bona fide error defense under the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605 (2010) (holding that the bona fide error defense in §1692k(c) does not apply to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA). Defendants' requirement that consumers provide proof of payment before they will abide by the FDCPA's requirements cannot be unintentional. Therefore, the bona fide error defense of 1692k(c), the "exclusive defense" under the FDCPA will not exonerate them from liability.

No part of the FDCPA requires a consumer to provide any sort of proof to the debt collector. Had Congress wanted to create such a requirement, it certainly could have done so. Defendants' continued efforts to collect on a paid account solely because Plaintiff refused to provide proof of payment violated the FDCPA, and Plaintiff is entitled to judgment as a matter of law.

**II.  The written requirement of § 1692g(b)'s verification process does not bar Plaintiff's subsequent claims for violations under the relevant portions of § 1692e and § 1692f of the Act where the Plaintiff paid the account in full instead of requesting verification in writing.**

The protections and obligations contained in § 1692g(b) of the Act are inapplicable to claims brought under § 1692e, such as Plaintiff's. The Eleventh Circuit recently considered this issue in *Hepsen v. Resurgent Capital Servs., LP* (No. 09-15435, 11th Cir. June 17, 2010). (A copy of the decision is attached hereto as Exhibit 1.)

The defendant in *Hepsen* argued precisely as does the Recommendation in this matter: that the FDCPA does not require a debt collector to verify debts from its clients. The *Hepsen* court correctly noted that "Under § 1692g(b), if a consumer notifies the debt collector in writing of a dispute within 30 days of receiving the demand notice, 'the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . , or the name and address of the original creditor, and a copy of such verification . . . , or name and address of the original creditor, is mailed to the consumer by the debt collector.' 15 U.S.C. § 1692g(b)." *Id.* at *11.

However, the *Hepsen* court recognized, as Plaintiff herein likewise asserts, that "§ 1692g(b) does not modify the previous section of the FDCPA, § 1692e, prohibiting a debt collector from attempting to collect an inaccurate debt …" *Id.* Thus, the *Hepsen* defendant was liable for attempting to collect an inaccurate

amount from the plaintiff even though the FDCPA did not explicitly require that defendant verify the debt before demanding payment. Likewise, Defendants herein are liable for collecting on a paid-off debt in violation of the relevant portions of §§ 1692e and 1692f of the Act, notwithstanding the "in writing" requirements of § 1692g(b).

Plaintiff acknowledges that a request for verification pursuant to § 1692g(b) must be in writing. Plaintiff has not pled any claim under § 1692g. When Plaintiff received the initial debt collection letter from Defendants in December 2008, no dispute existed as to the amount claimed and to whom it was owed. She did not request verification at that time because she already knew the original creditor and the amount. Instead, Plaintiff did exactly what debt collectors want their consumer debtors to do: she paid the account in full.

*Plaintiff did the right thing*. She called the hospital to confirm there was no forbearance or reduction coming from SEP, and she paid the exact amount *within* the first 30 days. Plaintiff's dispute with Defendants, and the resultant violations of the FDCPA, did not occur until after Defendants continued collecting on the paid account in January 2009. Defendants are liable for those violations and an award of summary judgment to Plaintiff is proper.

> **III.** **Whether a debt collector who is given actual notice by the consumer that the debt has been paid and is no longer owed but who refuses to make inquiry or otherwise investigate and persists in its collection efforts may be liable for violating the FDCPA, including §§ 1692 e(2)(A), 1692e(10), and 1692f(1).**

10

The crux of this case is: once Plaintiff paid the account in full, Defendants violated other sections of the FDCPA, whether the Plaintiff had requested verification in writing or not. According to the plain language of 15 U.S.C. §1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The prohibitions of §1692e apply even when the false representation was unintentional. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006). Furthermore, § 1692e(2)(A) expressly proscribes a debt collector from misrepresenting the "the character, amount, or legal status of any debt" and § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Additionally, § 1692f(1) prohibits the "unfair practice" of collecting amounts not authorized by the agreement creating the debt or permitted by law. False representations and unfair practices, like other debt collection abuses, violate the FDCPA.[6]

There is no dispute that, as of January 5, 2009, Plaintiff no longer owed any debt in any amount to SEP, and that, yet, Defendants continued to

---

[6] The Recommendation hones in on the term "abusive", almost in a limiting sense: "The FDCPA is aimed, rather, at eliminating any debt collection practices that are *abusive*." (Recommendation, 7) (emphasis in the original). On its face, the FDCPA applies to "harassment or abuse" (§ 1692d), "false or misleading representations" (§ 1692e), and "unfair practices" (§ 1692f). The Act also applies to statutory notification violations under §1692g, "Validation of debts". Thus while aimed at curbing abuse (§1692(e)), Congress also found: "There is abundant evidence of the use of abusive, *deceptive*, and *unfair* debt collection practices by many debt collectors." (§ 1692(a)) (emphasis added).

11

misrepresent that an amount was due and owing. These facts suffice to establish civil liability under the FDCPA at §§ 1692 e(2)(A), 1692e(10), and 1692f(1).

### IV. Whether a debt collector who threatens to report a paid account as due and owing to a credit reporting agency may be liable for violating § 1692e(8).

Section 1692e(8) prohibits a debt collector from "[c]ommunicating or <u>threatening to communicate</u> to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" (emphasis added). While Defendants never actually reported a line of trade to the credit reporting agencies, they did threaten to do so. The Recommendation errs where it seems to require a dispute under the FDCPA to be "in writing," determining that "the burden to dispute the debt in writing is not an onerous one." (Recommendation, 8).

Congress has imposed no such burden on the consumer, onerous or not. There is no requirement that a dispute be in writing to assert the protections due a consumer under the FDCPA. *See, Brady v. Credit Recovery Co.*, 160 F.3d 64 (1st Cir. 1998) (§ 1692e(8) does not impose a writing requirement on a consumer who wishes to dispute debt).[7] *See also, Fasten v. Zager*, 49 F. Supp. 2d 144 (E.D.N.Y. 1999) (§ 1692e(8) requires no notification by consumer at all, let alone written communication, but, rather, it depends solely on debt collector's knowledge,

---

[7] Similar to the case at bar, the *Brady* defendants did not contest the facts, they only argued that their violations of the FDCPA did not rise to the level of "false, deceptive, or misleading" representations because the consumer did not dispute the debt in writing. *Brady v. Credit Recovery Company*, 160 F.3d at 66. The First Circuit disagreed with the defendants, reversing the District Court.

12

regardless of how or when collector acquires that knowledge). Defendants threatened to report inaccurate credit information to the credit reporting agency and are thus liable for violating the FDCPA. Therefore, summary judgment against them is proper.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court review the Recommendation and, pursuant to Rule 72(b) reject the recommended disposition to find Defendants violated the FDCPA; and (2) hold Plaintiff is entitled to judgment as a matter of law, granting her Motion for Partial Summary Judgment.

Respectfully submitted this the 2nd day of November, 2010,

| By: | /s/ Angela Martin | /s/ Suzanne Begnoche |
|---|---|---|
| | ANGELA MARTIN | SUZANNE BEGNOCHE |
| | MartinAttorney at Law, PLLC | Suzanne Begnoche, Attorney at Law |
| | Attorney for Plaintiff | Attorney for Plaintiff |
| | NCSB # 34951 | NCSB # 35158 |
| | 1911 Keller Andrews Road | 312 West Franklin Street |
| | Sanford, NC 27330 | Chapel Hill, NC 27516 |
| | angela@angelamartinlaw.com | begnoche@mindspring.com |
| | Telephone: 919-708-7477 | Telephone: (919) 960-6108 |
| | Facsimile: 888-872-4232 | Facsimile: (919) 967-4953 |

**IN THE UNITED STATES DISTRICT COURT**

13

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION
C.A. No. 1:09-cv-515-WWO-WD

| | |
|---|---|
| DIANE RUSSELL, ) | |
|                      **Plaintiff,** ) | |
| vs. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| ABSOLUTE COLLECTION SERVICE, ) | |
| INC., and CHARLTON CLARKSON ) | |
|                   **Defendants.** ) | |

This is to certify that I have this day electronically filed the foregoing **Plaintiff's Objection** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Counsel for Defendants Absolute Collection Service, Inc., and Charlton Clarkson:

    Thomas Carlton Younger, III     Dan Johnson McLamb
    Yates, McLamb & Weyher, LLP     Yates, McLamb & Weyher, LLP
    P.O. Box 2889     P.O. Box 2889
    Raleigh, NC 27602-2889     Raleigh, NC 27602-2889
    cyounger@ymwlaw.com     dmlamb@ymwlaw.com

    Kenneth D. Perkins, Esq. (Special Counsel pursuant to L.R. 83.1)
    209 Broad Street, Suite 220
    Sewickly, PA 15143
    kperkins@perkinsllc.com

Respectfully submitted this the 2nd day of November, 2010,

By: /s/ Angela Martin     /s/ Suzanne Begnoche
ANGELA MARTIN     SUZANNE BEGNOCHE
MartinAttorney at Law, PLLC     Suzanne Begnoche, Attorney at Law
Attorney for Plaintiff     Attorney for Plaintiff
NCSB # 34951     NCSB # 35158
1911 Keller Andrews Road     312 West Franklin Street
Sanford, NC 27330     Chapel Hill, NC 27516
angela@angelamartinlaw.com     begnoche@mindspring.com
Telephone: 919-708-7477     Telephone: (919) 960-6108
Facsimile: 888-872-4232     Facsimile: (919) 967-4953