THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION
No. 1: 09-cv-515-WWO-WD

| | |
|---|---|
| **DIANE RUSSELL** )<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>**ABSOLUTE COLLECTION SERVICE,** )<br>**INC., and CHARLTON CLARKSON;** )<br>**Defendants.** ) | **PLAINTIFF'S REPLY IN OBJECTION TO MEMORANDUM OPINION AND RECOMMENDATION** |

Now comes the Plaintiff, by and through counsel, and respectfully replies to Defendants' Response (DE 54). Defendants continue to obfuscate the issue before the court: it is undisputed that Defendants attempted to collect on a <u>paid</u> account and threatened to report false credit information. Those actions clearly violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e and § 1692f, the protections within § 1692g notwithstanding.[1]

Defendants attempt to avoid all liability under this strict liability consumer protection statute because Mrs. Russell paid the debt within the first 30 days instead of

---

[1] Defendants' reliance on *McCammon v. Bibler, Newman & Reynolds, P.A.*, 515 F.Supp.2d 1220 (D. Kan. 2007) is misplaced because the *McCammon* case involved alleged violations of 1692g which the court found were not viable because there was no written request for verification. Mrs. Russell has not alleged any violation of 1692g. Therefore, this case is not applicable. However, Mrs. Russell will note that even the defendants in *McCammon* made "repeated attempts to verify the [alleged] payments" with their client. This is to be distinguished from the Defendants in the instant case who readily admit they did not ever contact Sandhills Emergency Physicians when Mrs. Russell informed Defendants that the bill had been paid, only doing so when the Better Business Bureau intervened.

1

disputing it or requesting verification as provided in § 1692g.[2] Defendants directly argue debt collectors cannot run afoul of <u>any</u> of the provisions of the FDCPA as long as the consumer does not dispute a debt in writing within the first 30 days. "If a plaintiff does not dispute a debt in writing, then the debt collector may continue to pursue payment for the debt <u>without violating the provisions of the Act</u>" (emphasis added). (*Def. Resp.*, 2.) This proposition is wrong and grossly misleading. Defendants rely on *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410 to (mis)state that an "in-writing requirement" exists to dispute a debt under the FDCPA.[3] (*Def. Resp.*, 2).[4]

A case which best describes the inherent problems with Defendants' position is *Gigli v. Palisades Collection, LLC*, 3: 06-cv-1428 (M.D. Pa. August 14, 2008) (A copy is attached hereto as Exhibit 1.) *Gigli* distinguishes the case of *Richmond v. Higgins*, 435 F.3d 825 (8th Cir. 2006), cited by Defendants.[5] *Gigli* presents the precise argument

---

[2] "Whether the FDCPA requires that a dispute by a consumer concerning the subject indebtedness must be made in writing has not yet been resolved in this circuit. Other circuits have addressed the issue, but they have reached opposite conclusions. The Third Circuit in *Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991)*, held that a writing requirement must be read into the statutory scheme, while the Ninth Circuit in *Camacho v. Bridgeport Fin., Inc., 430 F.3d 1078, 1082 (9th Cir. 2005)*, reasoned that courts must give effect to the plain meaning of the statute and where there is no explicit requirement in the statute for the dispute to be made in writing, a collection notice that requires any dispute to be written does not comply with *15 U.S.C. § 1692g*." *Turner v. Shenandoah Legal Group, P.C. et al.*, No. 3:06-cv-045 (E.D. Va. June 12, 2006).

[3] Accepting this argument would render the jurisprudence surrounding the credit reporting prohibitions of § 1692e(8) in error. *Brady v. Credit Recovery Co.*, 160 F.3d 64 (1st Cir. 1998).

[4] *Durkin* does not stand for such a proposition. The holding in *Durkin* pertains to overshadowing the consumers' rights in collection letters and has no application to the instant case.

[5] *Richmond* is not applicable because Mrs. Russell paid the debt within 30 days and disputed the debt as being paid after she received further collection letters. In contrast, "In the year and five months between the date that Albright was first informed of the debt amount, in early November of 2001, until he first disputed the debt amount on April 1, 2003, the debt amount never changed. Richmond has never alleged that he was billed for services that were not provided or that he was overcharged for the services he received. The conduct that Richmond alleges violated the FDCPA was Higgins's attempt to collect a <u>previously undisputed</u> debt amount." *Richmond v. Higgins*, 435 F.3d 825, 829 (8th Cir. 2008) (emphasis added). Here, Mrs. Russell continuously informed Defendants that the debt was paid and that she owed nothing, i.e. she disputed the amount owed from the moment she paid it within the first 30 days.

2

advanced by Defendants in this case and refutes it. "[T]he failure to dispute a debt within thirty days 'merely allows the debt collector to proceed under a 'temporary fiction' that the debt stated in the validation notice is true' … when the debt collector proceeds under the 'temporary fiction' that the debt is valid, the debt collector must still refrain from utilizing abusive debt collection practices." (*Gigli v. Palisades Collection LLC*, at \*21, internal quotations and citations omitted.)

The *Gigli* court then noted that "[A]ny debt collector who fails to comply with <u>any provision</u> of [the FDCPA] with respect to any person is liable to such person." § 1692k(a), further noting that a "contrary result would subvert the FDCPA's salutary purpose of eliminating abusive debt collection practices … immunizing unscrupulous debt collectors, while depriving consumers of a remedy would frustrate the FDCPA." *Id* at \*22.

Similarly, this Court should find that Defendants have violated the FDCPA by attempting to collect on a paid account and threatening to report false credit information. To find otherwise would frustrate the remedial purposes of the FDCPA and run counter to congressional intent and established case law.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court review the Recommendation and, pursuant to Rule 72(b) reject the recommended disposition to find (1) Defendants violated the FDCPA; (2) hold Plaintiff is entitled to judgment as a matter of law, granting her Motion for Partial Summary Judgment; and (3) deny Defendants' post hoc request for summary judgment.

3

Case 1:09-cv-00515-WO-WWD   Document 55   Filed 11/12/10   Page 3 of 5

Respectfully submitted this the 12th day of November, 2010,

| | | |
|---|---|---|
| By: | /s/ Angela Martin | /s/ Suzanne Begnoche |
| | ANGELA MARTIN | SUZANNE BEGNOCHE |
| | MartinAttorney at Law, PLLC | Suzanne Begnoche, Attorney at Law |
| | Attorney for Plaintiff | Attorney for Plaintiff |
| | NCSB # 34951 | NCSB # 35158 |
| | 1911 Keller Andrews Road | 312 West Franklin Street |
| | Sanford, NC 27330 | Chapel Hill, NC 27516 |
| | angela@angelamartinlaw.com | begnoche@mindspring.com |
| | Telephone: 919-708-7477 | Telephone: (919) 960-6108 |
| | Facsimile: 888-872-4232 | Facsimile: (919) 967-4953 |

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION
No. 1: 09-cv-515-WWO-WD

| | |
|---|---|
| DIANE RUSSELL<br>Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| ABSOLUTE COLLECTION SERVICE;<br>and CHARLTON CLARKSON,<br><u>Defendants.</u> | )<br>)<br>) |

## *CERTIFICATE OF SERVICE*

This is to certify that I have this day electronically filed the foregoing **Plaintiff's Reply in Opposition to Memorandum Opinion and Recommendation** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Counsel for Defendants Absolute Collection Service, Inc., and Charlton Clarkson:

Thomas Carlton Younger, III  Dan Johnson McLamb
Yates, McLamb & Weyher, LLP  Yates, McLamb & Weyher, LLP
P.O. Box 2889  P.O. Box 2889
Raleigh, NC  27602-2889  Raleigh, NC  27602-2889
cyounger@ymwlaw.com  dmlamb@ymwlaw.com

Kenneth D. Perkins, Esq. (Special Counsel pursuant to L.R. 83.1)
209 Broad Street, Suite 220
Sewickly, PA  15143
kperkins@perkinsllc.com

Respectfully submitted, November 12, 2010,

MARTIN ATTORNEY AT LAW, PLLC

By: /s/ Angela O. Martin
Angela O. Martin, Esq.
Attorney for Plaintiff

5