THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION
No. 1: 09-cv-515-WWO-WD

| | |
|---|---|
| DIANE RUSSELL ) | |
| Plaintiff, ) | |
| ) | PLAINTIFF'S |
| vs. ) | MEMORANDUM |
| ) | OF LAW; |
| ) | Exhibits 1 - 3 |
| ABSOLUTE COLLECTION SERVICE; ) | |
| and CHARLTON CLARKSON; ) | |
| Defendants. ) | |

### Defendant Absolute Collection Service, Inc. cannot avail itself of the safety net provided by the bona fide error defense of 1692k(c).

The single-most important reason why Defendant cannot rely on the bona fide error is that it has steadfastly refused to admit it even made an error. Even as recently as the status conference on November 12, 2010, counsel for Defendant adamantly stated that there was no error and that, if there was, it falls within the bona fide error defense to liability. It is not possible for Defendant to have it both ways. To take advantage of the bona fide error defense, Defendant must have first committed an identifiable error for which it admits that liability under the Act is proper. In this case, Defendant is plainly using the defense as a fall-back position, in essence, proving that its violation is intentional and not within the defense.

The U.S. Supreme Court has "long recognized the 'common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally.' … Our law is therefore no stranger to the possibility that an act may be "intentional" for purposes of civil liability, even if the actor lacked

1

actual knowledge that her conduct violated the law." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ___U.S. ___, 130 S.Ct. 1605, 1611-1612 (2010).

The FDCPA contains two exceptions to provisions imposing liability on debt collectors, including Section 1692k(c), which provides that "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Jerman,* 130 S.Ct. at 1609 (quoting 15 U.S.C. § 1692k(c)). In *Jerman,* the Supreme Court held that the bona fide error defense does not apply to a mistake of law, that is, a violation of the FDCPA that results from the debt collector's mistaken interpretation of the FDCPA. *See id.* at 1612-14. In other words, a debt collector's conduct may be intentional *even if he lacked the actual knowledge* that his conduct violated the FDCPA. *See id.* at 1612 (emphasis added) . As such, the bona fide error defense under Section 1692k(c) only applies to procedural or clerical errors. *See id.* at 1616.

Thus, the *Jerman* decision imposes strict limitations on the bona fide error defense of § 1692k(c). Basically, to avoid liability under the act, the debt collector must show that it committed a procedural or clerical error, in addition to explaining how it had procedures and policies in place to avoid any such error.

In addition to the cases already provided to the Court, Plaintiff provides the case of *McNall v. Credit Bureau of Josephine County, Inc.,* CV 07-3075-CL (D. Ore. August 19, 2010), applying *Jerman*. A copy is attached hereto as Exhibit 1. In *McNall*, the debt collector did not report a debt as disputed to the credit bureau because it had knowledge that the consumers had already done so. In essence, the debt collector thought that its own reporting would be redundant and superfluous. The *McNall* court cited *Jerman* in finding that such mistakes of law are not covered under the BFE defense, as only factual or clerical errors suffice if a debt collector has procedures to prevent such mistakes.

In the instant case, Defendant's arguments also fail. First, Defendant has not admitted an error, bona fide or otherwise, so the protections of 1692k (c) do not even begin to come into play. Second, even if Defendant claims there was a bona fide error, it has not provided any evidence that the error was unintentional, nor has it identified any procedures that were reasonably adapted to avoid such error. In other words, Defendant has utterly failed to show it had procedures in place to prevent its misrepresentation that Ms. Russell still owed a debt even though the debt was paid in full. It has also failed to show that it had procedures in place to prevent the absolutely false statements in its letters dated February 25, 2009 and March 31, 2009. It has similarly failed to show it had procedures in place to prevent its illegal threat to contact the credit reporting agencies. Finally, it has failed to show it had procedures in place to prevent its illegal request for proof of payment.

Defendant has not come forward at the summary judgment stage to establish any bona fide error defense, and it has the burden to do. *Hepsen v. Resurgent Capital Services, LP*, Civil No. 07-01935 CV-T-26-MSS (11th Cir. 2010). In *Hepsen,* the debt collector failed to verify that the amount it was attempting to collect was even in existence before sending the demand letter to the consumer. The 11th Circuit affirmed the trial court's finding that the debt collector did not have reasonable procedures in place to avoid violating the FDCPA. Similarly, Defendant in the case at bar has not shown that it had any reasonable procedures in place to verify that Ms. Russell had paid the debt in full, even after being told of it, nor any reasonable procedures in place to prevent the issuance of two additional demand letters for payment. Unfortunately for Defendant, its policy was not, for example, to check with SEP if the consumer said she had paid the debt in full. Defendant had no reasonable procedures in place to verify that Ms. Russell had actually paid the debt in full and, therefore, Defendant has no bona fide error defense. Thus, summary judgment against it is proper at this juncture.

The request for proof of payment was Defendant's mistaken interpretation of law even if it had a good faith belief. This belief is similar to the debt collector in *McNall* v. *Credit Bureau of Josephine County, Inc., supra,* , which mistakenly believed it did not have to tell the Credit Reporting Agencies (CRA's) of the consumers' dispute because the consumers had already informed the CRA's of the dispute. The *McNall* court cited *Jerman* that such mistakes of law are not

4

covered under the BFE defense as only factually or clerical errors suffice if the debt collector has procedures to prevent such mistakes.

Plaintiff relies on *Jerman, Hepsen* and *McNall* to support summary judgment. Defendant did not establish that its policies guard against the collection of paid accounts. By point of fact, at the Rule 30(b)(6) deposition, the following exchange occurred:

> Ms. Martin: "When--when did Absolute Collections have knowledge that Ms. Russell has paid the debt?"
> Mr. Malmfelt: "It looks like February the 6th. That's the first note that I see that--that might indicate the 16 account was paid."
> …
> Mr. Perkins: "Is that knowledge viewed by Absolute Collection Service as good and verified knowledge?"
> Mr. Malmfelt: "No."

*(attached hereto as Exhibit 2)*

Thus, this is not a case where Defendant had no knowledge that it was collecting on a paid account. There is no dispute that ACS had <u>knowledge</u>. It added its own subjective measure of "good and verified by Absolute Collection Service," and did so to its detriment. Defendant created its own standard of knowledge, and now it is trying to use that standard to avoid liability under the FDCPA. This Court should grant Plaintiff summary judgment.

5

## **15 U.S.C. § 1692g is a red herring.**

At issue in this case are the collection activities that occurred after Plaintiff told Defendant that the debt was paid: events subsequent to February 6, 2009. Section 1692g is not applicable where the amount of the debt as claimed by the debt collector was correct at the time of the initial letter. Only § 1692e and § 1692f are at issue when the account was later paid and the collector was told it had been paid. Defendant's continued collection on an amount it had been told was incorrect shows that it had no bona fide error procedures in place.

Defendant argues that this case is about its right to continue collection activities even on a paid account and rely on § 1692g(b)'s written requirement for debt verification. However, even if Plaintiff did avail herself of the written verification rights provided to her under § 1692g(b), this case would be in the very same posture. In essence, using Defendant's unique application of the FDCPA, Plaintiff was, and is, in a Catch-22, while Defendant gets to have it both ways, whether she submitted a written request for verification or not. Because Plaintiff did not request verification in writing, Defendant could continue collection activities. However, if Plaintiff did request verification in writing, Defendants could still continue collection activities, although they would have to suspend activities temporarily until verified, presumably days.

Upon receipt of a request for verification from a consumer, the only thing a debt collector needs to do in the Fourth Circuit is to confirm the creditor and the amount. *Chaudry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) ("verification

6

of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed"). Thus, all Defendant would do, even had Plaintiff submitted a written request for verification, is confirm with SEP that the amount was correct and forward that to the Plaintiff. Within the first thirty days of the statutory notification in this case, the information provided by SEP would have been correct and verified: Plaintiff owed $501. Thus, having complied with §1692g(b), even if Plaintiff <u>did</u> request verification in writing, Defendant could continue collection activities.

Under § 1692g(a)(3) Defendant could proceed under the temporary fiction of validity since Plaintiff did not dispute the debt in the first thirty days, because she in fact paid it in full within those same thirty days. This temporary fiction evaporated on February 6, 2009 when Plaintiff informed Defendant that the debt had been paid, becoming for Defendant a permanent reality. At this point, Defendant unlawfully continued collection activities by attempting to collect on a debt that was paid and summary judgment is appropriate.

### Proof of Payment

No portion of the FDCPA requires the consumer, who has paid a debt, to provide proof of payment, and Defendant has admitted this. (*Deposition of Mr. Malmfelt* at 115-116) (attached hereto as Exhibit 3). Defendant argues all Plaintiff had to do was provide them with a proof of payment, and that her failure to do so was unreasonable and absolves them from liability under the Act. To quote from the dicta in *Sayyed v. Wolpoff & Ambramson*, 485 F.3d 226, 233: "This argument

7

may have some intuitive appeal, but the fact that an interpretation may seem appealing does not mean it is correct." A debt collector cannot burden the § 1692g rights, or confuse the consumer into believing it has the burden, to present a "valid reason" for the dispute. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

### *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482 (4th Cir. 1996)

Plaintiff has re-examined the *Miller* case, and it appears that the Fourth Circuit addressed the same issue that Judge Dever addressed in *Beasley v. Sessoms & Rogers, P.A. et al.*, 5:09-cv-43-D, (E.D.N.C. Mar. 1, 2010). That is, if a debt collector fails to convey the rights of § 1692g effectively, a consumer could unknowingly lose the opportunity to assert certain rights under the Act. These cases examine the "in writing requirement" for verification rights. At times, a debt collector can confuse or overshadow the verification rights of a consumer by failing to effectively convey that the consumer must request verification in writing, separate and apart from just disputing the debt, which can be done via telephone, or any other means.[1] *Miller* and *Beasley* address an issue separate from the matter at bar.

//
//
//
//

---

[1] There is a difference in the statutory language of § 1692g(a)(3) when compared with other sections of § 1692g that entail a textual "in writing" requirement. (§ 1692g(a)(4), § 1692g(a)(5) and § 1692g(b)). The absence of an "in writing" requirement in §1692g(a)(3) permits a consumer to dispute a debt by any means, including telephone.

8

Respectfully submitted this the 15th day of November, 2010,

By: /s/ Angela Martin /s/ Suzanne Begnoche
ANGELA MARTIN SUZANNE BEGNOCHE
MartinAttorney at Law, PLLC Suzanne Begnoche, Attorney at Law
Attorney for Plaintiff Attorney for Plaintiff
NCSB # 34951 NCSB # 35158
1911 Keller Andrews Road 312 West Franklin Street
Sanford, NC 27330 Chapel Hill, NC 27516
angela@angelamartinlaw.com begnoche@mindspring.com
Telephone: 919-708-7477 Telephone: (919) 960-6108
Facsimile: 888-872-4232 Facsimile: (919) 967-4953

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION
No. 1: 09-cv-515-WWO-WD

| | |
|---|---|
| DIANE RUSSELL | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ABSOLUTE COLLECTION SERVICE; | ) |
| and CHARLTON CLARKSON, | ) |
| Defendants. | ) |

*CERTIFICATE OF SERVICE*

This is to certify that I have this day electronically filed the foregoing **Plaintiff's Supplement Trial Brief** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Counsel for Defendants Absolute Collection Service, Inc., and Charlton Clarkson:

Thomas Carlton Younger, III
Yates, McLamb & Weyher, LLP
P.O. Box 2889
Raleigh, NC 27602-2889
cyounger@ymwlaw.com

Dan Johnson McLamb
Yates, McLamb & Weyher, LLP
P.O. Box 2889
Raleigh, NC 27602-2889
dmlamb@ymwlaw.com

Kenneth D. Perkins, Esq. (Special Counsel pursuant to L.R. 83.1)
209 Broad Street, Suite 220
Sewickly, PA 15143
kperkins@perkinsllc.com

Respectfully submitted, November 15, 2010,

MARTIN ATTORNEY AT LAW, PLLC

By: /s/ Angela O. Martin
    Angela O. Martin, Esq.
    Attorney for Plaintiff