# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# ROCKINGHAM DIVISION
### C.A. No. 1:09-cv-515

| | |
|---|---|
| DIANE RUSSELL,  )  <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> ABSOLUTE COLLECTION SERVICE,  ) <br> INC., and CHARLTON CLARKSON  ) <br> Defendants.  ) <br> _____ ) | PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS |

NOW COMES Plaintiff Dianne Russell and respectfully submits her Objections to Defendants' Proposed Supplemental Jury Instructions.

### I.   Defendants' Proposed Jury Instruction:  Defense (Offset) for Failure to Mitigate

Defendant's proposed jury instruction on mitigation (Dkt. #34, p. 13), reads in full:

> The (state number) issue reads:
>
> "By what amount, if any, should the plaintiff's actual damages be reduced because of his unreasonable failure to avoid or minimize his injuries?"
>
> You are to answer this issue only if you have answered the (state number) issue in any amount of actual damages in favor of the plaintiff.
>
> On this issue the burden of proof is on the defendant. This means the defendant must prove, by the greater weight of the evidence, the amount, if any, by which the plaintiff's actual damages should be reduced because of the plaintiff's unreasonable failure to avoid or minimize his injuries.
>
> A person injured by the wrongful conduct of another is nonetheless under a duty to use that degree of care which a reasonable person would use under the same or similar circumstances to minimize the harmful consequences of his injury. A person is not permitted to recover for damages he could have avoided by using means which a reasonably prudent person would have used. However, a person is not prevented from recovering damages he could have avoided unless his failure to avoid those damages was unreasonable.

Finally, as to this issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the plaintiff's actual damages should be reduced because of her unreasonable failure to avoid or minimize his injuries, then it would be your duty to answer this issue by writing the amount by which the plaintiff's actual damages are to be reduced in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue by writing the amount "None" or "zero" in the blank space provided.

N.C.P.I. – CIVIL 810.24

**PLAINTIFF'S OBJECTIONS**:

Plaintiff objects to the above proposed jury instruction for three reasons. First, the jury instruction encourages the jury to blame the Plaintiff for Defendant's conduct. It also improperly rewrites the North Carolina pattern jury instruction on mitigation of tort damages, encourages improper jury speculation about how the parties might have reacted in alternate universes, and improperly injects contributory negligence into the equation. Finally, the jury instruction that Defendant requests veers away from the "least sophisticated consumer" standard of the FDCPA to a "reasonable person" standard.

> **A. Defendant's proposed instruction improperly encourages the jury to place the blame on Plaintiff for Defendant's conduct.**

Plaintiff seeks only mental anguish damages for "anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment, amongst other negative emotions." See Complaint, Dkt. #1, Page 10, Para. 80. The Plaintiff seeks no actual damages for out-of-pocket expenses, medical bills, etc. The Defendants have stated their intention to argue that Plaintiff has somehow, by her own conduct, caused her damages, either by not requesting verification (of the debt that she never disputed or doubted in the first place), or by failing to send in proof of payment of the

debt (which the law does not require her to do), and that Defendants would not have continued collection activity had Plaintiff acted differently.

Plaintiff does not have a duty to attempt to change Defendant's conduct. To the extent that it refers to "avoidance," Defendant's proposed jury instruction on mitigation addresses actions it believes Plaintiff should have taken to effect a change in the Defendant's conduct – not a lessening of the Plaintiff's mental anguish damages. The Defendants misunderstand mitigation of damages as a doctrine requiring a Plaintiff to change the actions of a tortfeasor. The United States Second Circuit Court of Appeals noted the fallacy in such an argument when it analyzed mitigation in the context of a civil rights case. See Miller v. Lovett, 879 F.2d 1066 (2d Cir. 1989) (partially abrogated on other grounds). In that case, the court noted, "If a Plaintiff's duty to mitigate damages were to include the duty to avoid the underlying injury, few arrestees could recover damages [for civil rights violations under 42 U.S.C. Section 1983] since most could have 'avoided' engaging in the conduct that precipitated the arrest."

Likewise, Ms. Russell had no duty to take actions which the Defendant alleges would have resulted in the Defendant's taking different actions. Ms. Russell had no duty under the FDCPA to request validation of a debt at all. Certainly, she had no duty to request validation of a debt for which she already knew she was responsible. She had no duty to request verification of the amount of the debt or the name of the original creditor. Again, she certainly had no such duty under the law to request such information when she already knew full well who the creditor was and that the amount was correct. Additionally, Ms. Russell had no duty to send in a proof of payment. Defendants cannot cite anywhere that the FDCPA, or any other statute, requires a consumer to send in a proof of payment to stop collection activities. In fact, in deposition,

3

Defendant's representative has admitted that there is no such statutory requirement of the consumer. Clearly, no such duty exists.

### B. Defendant's proposed instruction improperly directs the jury's focus in deliberating on mitigation to Plaintiff's actions preceding Defendant's unlawful conduct.

Defendant's proposed jury instruction somewhat obfuscates the actual North Carolina defense of mitigation for damages in tort. Defendant has cited N.C.P.I. 810.24. However, Defendant has not cited the pattern jury instruction verbatim. Rather, it has revised that pattern jury instruction to filter out a key aspect of N.C.P.I. 810.24, its focus on mitigation of *further* damages. Attached hereto as Exhibit "A" is a copy of the full pattern jury instruction, which states, in part,

> A person injured by the wrongful conduct of another is nonetheless under a duty to use that degree of care which a reasonable person would use under the same or similar circumstances *to seek treatment, to get well and to avoid or minimize the harmful consequences of his injury. A person is not permitted to recover for injuries he could have avoided by using means which a reasonably prudent person would have used to cure his injury or alleviate his pain*.

(emphasis added). This pattern instruction is clearly meant to be used in a personal injury setting where a plaintiff has suffered physical injury, and, as such, while Plaintiff herein acknowledges it may be applicable to actual damages under the PPCA, she questions whether an instruction on mitigation is appropriate at all in response to the federal statutory scheme of the FDCPA.

4

At any rate, the actual wording of the pattern jury instruction makes clear that what a plaintiff in tort is to mitigate is not her conduct prior to a defendant's acts and omissions that caused her injuries, but rather, to take steps to avoid *further* damage and injury beyond that caused by that defendant's acts or omissions. The pattern jury instruction suggests that Plaintiff is to do that by, for example, taking steps to receive proper medical care for injuries and proper treatment for pain that can reasonably be alleviated. It is clear, then, that Defendant's revision of the pattern jury instruction improperly shifts the focus of mitigation.

### C. Defendant's proposed instruction improperly encourages jury speculation about what Defendant and Plaintiff *might* have done and how they *might* have reacted if they had interacted differently than they actually did.

The Defendant's mitigation of conduct jury instruction also encourages the jury to speculate regarding the future and ignores the foreseeability and reasonable certainty underlying a duty to mitigate. It is the Defendant's burden to prove that that the Plaintiff failed mitigate— something. The jury instruction improperly gives rise to speculation about what Defendant might have done or would have done in some alternate future universe *if* Ms. Russell would have sent in proof of payment, and how Ms. Russell would have then reacted emotionally. In fact, Defendant cannot put on evidence to meet this burden of proof, as any question regarding Defendant's possible alternate future universe actions at trial would call for speculation and would be objectionable.

### D. Defendant's proposed instruction improperly injects a contributory negligence consideration into jury deliberations.

The Defendant also asserts the mitigation defense in order to improperly lay blame on Ms. Russell for its actions, and veers into making a contributory negligence instruction, particularly in its hint to the jury to zero out the damages or to write "None." Contributory negligence, that peculiar and antiquated state law tort defense to liability, is not a valid defense to liability or

5

damages under this strict liability federal statute. As the Parties discussed, and as this court is taking into consideration, Plaintiff has already made her Motion in Limine to exclude evidence and language during the trial that blames her, the victim, for Defendant's conduct.

### A. Defendant's proposed instruction is at odds with the "least sophisticated consumer" standard of the FDCPA.

Finally, Plaintiff notes again that, as outlined in Plaintiff's Proposed Jury Instruction #13 (Dkt. #32, Page 16), determinations of the FDCPA are made using the "least sophisticated consumer" standard, not a "reasonable person" standard. See also U.S. v. Nat'l. Fin. Servs., 98 F.3d 131 (4th Cir. 1996). By attempting to turn the tables to focus on the conduct of Plaintiff as a "reasonable person," rather than the conduct of Defendant and Plaintiff's response as a "least sophisticated consumer," Defendant's proposed jury instruction runs afoul of the FDCPA.

For the above reasons, Plaintiff respectfully requests that the court reject Defendant's proposed instruction on mitigation of damages, or, in the alternative, if such an instruction is used, use the exact language of N.C.P.I. 810.24 as shown in Exhibit "A."

## II. Defendant's Proposed Jury Instruction: Issues.

Defendant's proposed jury instruction as to the issues in the case (Dkt. #34, p. 12), reads in full:

> Your verdict will take the form of answers to certain questions or issues. These issues are as follows:
>
> 1. Did the conduct of Defendants sending a letter to Plaintiff violate the Fair Debt Collection Practices Act?
>
> 2. Was the conduct of Defendants unintentional and resulted from a bona fide error as to the status of the Plaintiff's debt?
>
> 3. What is the amount of damages that Plaintiff suffered, with a maximum of damages at $1,000?
>
> 4. Did the Defendant violate the North Carolina Debt Collection Statute?

6

5. What is the amount of damages that Plaintiff suffered, with a maximum of damages at $2,000?

6. Did the Plaintiff unreasonably fail to avoid or minimize her own damages?

7. By what amount, if any, should the plaintiff's actual damages be reduced because of her unreasonable failure to avoid or minimize her damages?

**PLAINTIFF'S OBJECTIONS:**

Plaintiff objects to the inclusion in the jury charge of Issues 6 and 7 as detailed above for the same reasons that Plaintiff objected to Defendant's jury charge on mitigation.

Additionally, Plaintiff objects to the inclusion in the jury charge of Issues 3 as stated by Defendant, in that it does not accurately state the law with respect to damages under the FDCPA. It does not differentiate between the types of damages available and incorrectly caps all damages at $1,000. As previously detailed in Plaintiff's Trial Brief (Dkt. #31, p. 5), the FDCPA provides for awards of actual damages, to include those of an emotional nature *in addition to and separate from* statutory damages of up to $1,000. 15 U.S.C. § 1692k (2010).

Furthermore, Defendant's proposed jury instruction for Issue 3 does not provide any explanation to the jury of the factors that they can consider in making a statutory damage award under the FDCPA. In making statutory damage awards, the finder of fact may consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was unintentional." 15 U.S.C. § 1692k(b)(1). See, e.g., Jones v. Vest, 2000 WL 33907601 (E.D.Va.) (three prior FDCPA claims against the collector in only four years indicated frequent and consistent noncompliance justifying the full $1,000 statutory damages).

Additionally, Defendant's proposed jury instructions for Issue 3 do not provide any explanation of what constitutes actual damages under the FDCPA. Actual damages may include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50109 (Dec. 13, 1988). See also Carter v. Countrywide Home Loans, Inc., 2009 WL 1010851, at *4 (E.D.Va. Apr 14, 2009) (NO. CIV. 3:07-CV651).

For much the same reason, Plaintiff objects to the inclusion in the jury charge of Issues 5 as stated by Defendant, in that does not accurately state the law with respect to damages under North Carolina's Prohibited Practices by Collection Agencies statute. It does not differentiate between the types of damages available and incorrectly caps all damages at $2,000. As previously detailed in Plaintiff's Trial Brief (Dkt. #31, p. 6), at the time of the incidents of which Plaintiff complains, the PPCA allowed recovery of actual damages, *in addition to and separate from* statutory damages of not less than $100, but not more than $2,000, *per violation* of the statute. See former N.C.G.S. § 58-70-130(b)(2009); Llera v. Security Credit Systems, Inc., 93 F.Supp.2d 674, 677 (W.D.N.C. Feb 23, 2000).

Furthermore, Defendant's proposed jury instruction for Issue 5 does not provide any explanation to the jury of the factors that they can consider in making a statutory damage award under the FDCPA. While North Carolina law provides no guidance on this topic, Plaintiff respectfully suggests that the jury should use the same factors that they use in determining statutory damages under the FDCPA, that is, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was unintentional." 15 U.S.C. § 1692k(b)(1). Plaintiff notes that she has included these factors in her Proposed Jury Instruction #20, "Statutory Damages under the PPCA" (Dkt. #32, p. 23).

8

Additionally, Defendant's proposed jury instructions for Issue 5 do not provide any explanation of what constitutes actual damages under the PPCA. Actual damages include not only out-of-pocket damages, but also damages for injuries such as emotional distress. See Williams v. Homeq Servicing Corp., 184 N.C. App. 413, 423, 646 S.E.2d 381, 387-388. (2007) (construing actual damages in the context of companion statute, "Prohibited Acts by Debt Collectors," N.C.G.S. §§ 75-50, et seq.).

### III. Defendants' Proposed Jury Instructions Lack Sufficient Instruction on the FDCPA and PPCA for the Jury to Make any Determination.

Finally, Defendants' proposed jury instructions contain little to no explanation of the laws that the jury is to apply to the facts in this case. While its list of "Issues" (Dkt. #34, p. 12) instructs the jury to determine whether the FDCPA and North Carolina law were broken, Defendant's failure provide instruction as to either law would leave the jury with no guideline to follow in making a determination of whether Defendant broke any law. Plaintiff's Proposed Jury Instructions (Dkt. #32) include extensive instructions as to the laws in question. It may be that, having seen Plaintiff's Proposed Jury Instructions, Defendant felt that Plaintiff's proposed instructions were appropriate and that there was no need to reinvent the wheel. Out of an abundance of caution, however, Plaintiff will make no such assumption and respectfully suggests that, to the extent the court decides to use Defendant's proposed instructions, it supplement them with Plaintiff's proposed instructions on the FDCPA and the PPCA, including #7, #8, #9, #10, #12, #13, #14, #15, #16, #17, #18, #19, #20, #21, and #22.

THIS the 15th day of November, 2010.

Respectfully submitted,

By: /s/ Suzanne Begnoche
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law

9

Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC  27516
begnochelaw@mindspring.com
Telephone: (919) 960-6108
Facsimile: (919) 967-4953

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION
C.A. No. 1:09-cv-515

| | |
|---|---|
| DIANE RUSSELL, ) Plaintiff, ) ) vs. ) ) ABSOLUTE COLLECTION SERVICE, ) INC., and CHARLTON CLARKSON ) Defendants. ) _____ ) | CERTIFICATE OF SERVICE |

This is to certify that I have this day electronically filed the foregoing **Plaintiff's Objection to Defendant's Proposed Jury Instructions** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Counsel for Defendants Absolute Collection Service, Inc., and Charlton Clarkson:

Thomas Carlton Younger, III
Yates, McLamb & Weyher, LLP
P.O. Box 2889
Raleigh, NC 27602-2889
cyounger@ymwlaw.com

Dan Johnson McLamb
Yates, McLamb & Weyher, LLP
P.O. Box 2889
Raleigh, NC 27602-2889
dmlamb@ymwlaw.com

Kenneth D. Perkins, Esq. (Special Counsel pursuant to L.R. 83.1)
209 Broad Street, Suite 220
Sewickly, PA 15143
kperkins@perkinsllc.com

This the 15th day of November, 2010.

Respectfully submitted,

By: /s/ Suzanne Begnoche
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law
Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC 27516
begnoche@mindspring.com
Telephone: (919) 960-6108
Facsimile: (919) 967-4953